See also D.C., 117 F.R.D. 137.

**Forrest Gene ENGLISH, a/k/a G.S. Levine, Robert M. Owens, Plaintiffs,**

v.

**William J. COWELL, et al., Defendants.**

**No. 84–3299.**

United States District Court, C.D. Illinois, Springfield Division.

Dec. 18, 1986.

Forrest Gene English, pro se.

Michael O'Hara, Springfield, Ill., for defendants.

## ORDER

MILLS, District Judge:

### I. *Background*

This litigation has festered in this Court for over eight years. In one form or another it has consumed the time and resources of three district judges and one United States Magistrate of this Court. It has also been subject to orders from visiting judges of other districts.

At one time there were as many as five separate law suits pending involving this Plaintiff[1] and this group of Defendants. In an effort to make the case more manageable, the Magistrate entered a rec-

ommendation dismissing a number of the counts of the complaint and ordering that the remaining viable counts be consolidated under one amended complaint. This Court adopted the recommendation of the Magistrate. The Plaintiff has since filed his amended complaint and thereafter the Court has dismissed a number of Defendants. Plaintiff has been subject to or threatened with sanctions on a number of occasions.

The original and amended complaint involve a dispute between a union member and the union local and its officers. The Plaintiff has charged the local and its officers with violations of his rights guaranteed by 29 U.S.C. § 411 *et seq.*, and also with violations of 29 U.S.C. § 431(c) relating to reporting and inspecting requirements of the local's financial records. Plaintiff was originally represented by counsel; however, counsel has since withdrawn and the Plaintiff now comes before us *pro se.*

The case is now before the Court on Defendants' motion for a protective order and for an order staying discovery. Fed.R. Civ.P. 26(c).

In order to rule on the discovery motions, we must first attempt to articulate the remaining viable claims in the amended complaint. Of course, we read the complaint in light of the prior court orders dismissing a number of Defendants and counts of the original complaint. Insofar as Plaintiff re-asserts counts previously dismissed, these sections of the amended complaint will be stricken.

The first count alleges that Defendants' Local Union No. 46 and its officers, Siddens and Trogolo, violated Plaintiff's right to attend and speak at a union meeting. This right is granted by 29 U.S.C. § 411(a)(2) (1982).

Plaintiff alleges that Siddens and Trogolo by way of threats and other actions refused to allow him to speak at a meeting. Threats were also allegedly made by Sid-

---

1. Throughout the order we refer to Plaintiff in the singular. This is because the majority of discovery requests relate solely to Plaintiff Forrest English. However, as to the stay on discovery proceedings which is ordered, it is applicable to all parties to this suit.

dens regarding a suit filed by Plaintiff against the local. If Siddens was acting in his official capacity, this states a cause of action under 29 U.S.C. 411(a)(3). By previous order of this Court these allegations withstood a motion to dismiss.

We also allowed Plaintiff to proceed to make a showing of just cause under 29 U.S.C. § 431(c) (1982). Section 431(c) mandates that every labor organization required to make a financial report "shall make available the information required to be contained in such report to all of its members, and ... to permit such member for just cause to examine any books, records, and accounts necessary to verify such report."

Other remaining counts include an additional free speech count under 29 U.S.C. § 411(a)(1), a count under 29 U.S.C. § 411(a)(3)(A) alleging that a dues increase was not approved by a majority vote, and a count under 29 U.S.C. § 411(a)(5) relating to lack of process prior to the termination of Plaintiff's membership in the local. We list these counts so that we may refer to them in determining the proper scope of the discovery sought by the Plaintiff.

## II. *Law*

Defendants have moved for a protective order pursuant to Fed.R.Civ.P. 26(c). According to Fed.R.Civ.P. 26(b)(1):

The frequency or extent of the use of discovery methods set forth in subdivision (a) shall be limited by the Court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the party's resources, and the importance of the issues at stake in the litigation. The Court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).

Fed.R.Civ.P. 26(b)(1) (Supp.1986).

As the rule points out, the Court may either *sua sponte* or upon a motion of the party under 26(c) enter an order limiting discovery if any of the three listed conditions are met.

The rule was amended in 1983 to enable the Court to place manageable limits on abusive or dilatory discovery tactics.

The Advisory Committee Notes state that the objective of the amendment is to encourage the trial judge to be more aggressive in eliminating disovery abuse.

In commenting upon the amendment to subdivision (b) the Committee stated:

Subdivision (b); Discovery Scope and Limits. Rule 26(b)(1) has been amended to add a sentence to deal with the problem of overdiscovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse. The grounds mentioned in the amended rule for limiting discovery reflect the existing practice of many courts in issuing protective orders under Rule 26(c). *See, e.g., Carlson Companies v. Sperry & Hutchison Co.*, 374 F.Supp. 1080 (D.Minn.1974); *Dolgow v. Anderson*, 53 F.R.D. 661 (E.D.N.Y.1971); *Mitchell v. American Tobacco Co.*, 33 F.R.D. 262 (M.D.Pa.1963); *Welty v. Clute*, 1 F.R.D. 446 (W.D.N.Y.1941). On the whole, however, district judges have been reluctant to limit the use of discovery devices. *See, e.g., Apco Oil Co. v. Certified Transportation, Inc.*, 46 F.R.D. 428 (W.D.Mo.1969). *See generally* 8 Wright & Miller (Federal Practice & Procedure): Civil §§ 2036, 2037, 2039, 2040 (1970).

Fed.R.Civ.P. 26(b)(1) Advisory Committee's Note.

The amendment to the rule seeks to strike a balance with the general rule

which allows for liberal discovery of all relevant but not privileged matter.

We now look at Plaintiff's requests in light of the present rules providing for more active intervention of the trial judge in streamlining discovery.

We ordinarily begin from the premise that the parties are given considerable latitude in framing discovery requests and are encouraged to work out problems relating to discovery through a mutual agreement.

However, as we have recognized in previous orders, the acrimony between the parties has virtually foreclosed any potential for compromise or agreement regarding the discovery matters or for that matter any other issues in this litigation.

Thus, if this protracted matter is ever going to be resolved, the Court must actively intervene in the discovery process. The Court believes that the circumstances of this case rightfully countenances such intervention.

We now turn to the specific discovery requests.

**A. Plaintiff's Request for Admissions**

Federal Rule of Civil Procedure 36 allows a party to request that the other party admit the truth of matters otherwise discoverable including the genuineness of documents produced in the request. 8 Wright & Miller, Federal Practice & Procedure: Civil § 2251 (1970).

A valid request must come within the scope of Rule 26(b). In other words, it must meet the threshold relevancy test. *Id.*

The rule also limits requests to questions of fact or mixed questions of fact and law. Requests asking for legal conclusions are not proper. *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y.1973).

Here, Plaintiff has served three sets of requests for admissions on four different Defendants.

In the first set of requests, Plaintiff asks Defendants to admit to the existence of the statutes under which Plaintiff brings this action. In the alternative, it seems that Plaintiff wants to elicit from the Defendants an admission that the Defendants are subject to the relevant statutes.

Reading the request either way, the Court finds it to be improper. The request calls for a legal conclusion and therefore it is beyond the scope of a request for admissions. Alternatively, the request asks Defendants to admit to what the Court obviously has judicial notice of. It is absurd to require Defendants to admit to the existence of a whole body of federal law. Therefore, Plaintiff's first request for admissions are stricken.

Plaintiff's second request for admissions were also served on four separate Defendants. We find that some but not all of the Plaintiff's requests require a response of the Defendants. However, we see no useful purpose in requiring each Defendant to answer duplicative requests. Thus, the separate requests can be consolidated for one response by Defendants' counsel.

Sorting through the second set of requests, the Court finds a mixture of relevant and irrelevant requests. Although the Court is not required to sort the good requests from the bad, we will do so in order to prevent further delay of the discovery process. *See Pittsburgh Hotels Ass'n., Inc. v. Urban Redevelopment Authority*, 29 F.R.D. 512, 513 (W.D.Pa.1962).

All of the requests appear to pertain to Plaintiff's claim under 29 U.S.C. § 431(c) for inspection of the local's financial records. The request for particular information from the reports is not a proper request. The Magistrate noted in the recommendation that since authority to have access is the ultimate issue in the case, Plaintiff could not compel production of all of Defendants' financial records. *See* Magistrate's Recommendation at p. 9 (Oct. 24, 1985). Plaintiff cannot now gain the same information through a request for admission which he could not gain through a motion to compel. Therefore, requests for Admission Nos. 42, 43, 44, 45, 46, and 47 are hereby stricken.

Request Nos. 2–34, 39, relate to Defendants' failure to sign the LM–2 reports

and certain alleged omissions in these reports. These requests are relevant to the extent that they show that Plaintiff has "just cause" to examine the books and records pursuant to 29 U.S.C. § 431(c). Therefore, Defendants shall answer or specifically object on grounds other than relevancy to Nos. 2–34, and 39.

■ Although Request Nos. 35, 36, 37, 38, 40, and 41 are not precisely worded as such, they are essentially requests for an admission as to the genuineness of certain documents. Again, they may be relevant to show "just cause" for an inspection order and should be answered or objected to.

The third request for admissions are duplicative of the second set and therefore do not require answers. These requests for admissions are hereby stricken.

### B. The Interrogatories

The analysis applied above with respect to the request for admissions is equally applicable to much of what is asked for in the interrogatories.

As is true with any discovery request, interrogatories are subject to the general dictates of Rule 26(b). *Andrews v. Eli Lilly & Co., Inc.*, 97 F.R.D. 494 (N.D.Ill. 1983).

Here, Plaintiff has served three sets of interrogatories on a variety of Defendants. Again, much of the information sought is financial data from the reports which Plaintiff seeks to gain access to. Hence, they come within the rubrick of this Court's previous order and need not be answered. *See, supra* at p. 135. Much of the other information requested via the interrogatories is duplicative.

However, a portion of the interrogatories go to the question of whether just cause exists for an order of inspection and should be answered or specifically objected to. Specifically, Defendants Siddens and Trogolo are ordered to answer the questions numbered 1 through 7 and Number 35 in the first set of interrogatories propounded to Defendant Trogolo. Interrogatories Nos. 8 through 34 in the first set of interrogatories are hereby stricken.

The second and third interrogatories are stricken in their entirety as they seek to elicit information which is subject to the financial forms that Plaintiff seeks to have access to.

### C. Defendants' Request for an Order Staying Discovery

■ Finally, we turn to Defendants' request for a stay on all discovery proceedings. We believe that in light of the circumstances of this case, a stay of all future discovery proceedings is appropriate.

As we recognized earlier, the 1983 amendments to the discovery rules encourage a trial judge to become more active in the discovery process if it becomes apparent that present discovery has become oppressive or unduly burdensome.

Courts have recognized that a district court has broad discretion in resolving discovery problems which arise in cases before it. *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671 (D.C.Cir. 1981).

It is apparent from this order that the vast bulk of Plaintiff's discovery requests are either irrelevant, duplicative or attempts at discovering information previously denied in a prior motion to compel. The existence of a trickle of valid discovery requests does not warrant allowing Plaintiff to continue what has no doubt become an unduly oppressive and burdensome pattern of discovery tactics. *See Barnett v. Sears, Roebuck & Co.*, 80 F.R.D. 662 (W.D. Okla.1978).

Further, throughout the years this litigation has spanned, Defendants have continually been willing to provide Plaintiff with results of an independent audit of the local's financial records. This audit would provide much of the information sought by Plaintiff. This fact further supports the Court's position in now ordering a stay on all discovery proceedings.

Thus, it is time for the Court to call a cease fire to this longstanding battle concerning discovery. Therefore, all further discovery matters are stayed by order of this Court.

Defendants' motion for a protective order is allowed in part. Defendant is ordered to answer or specifically object to all other matters not stricken by this Court. Defendant is given until January 7, 1987, to answer these requests. See Court Order at pp. 135, 136. All further proceedings are stayed and this case will be set for trial by further order of this Court. It is so ordered.

